NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATEO MATEO-SIMON, | No. 21-205 |
| Petitioner, | Agency No. A213-082-392 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Mateo Mateo-Simon seeks review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal of an immigration judge's (IJ) denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

and we deny the petition.

Our review is confined to the BIA's decision, except to the extent that the BIA incorporates the IJ's decision as its own. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). Factual determinations are reviewed for substantial evidence and may be reversed if "the evidence in the record compels a reasonable factfinder to conclude that the BIA's decision is incorrect." *Vinh Tan Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014) (citations omitted). Under 8 U.S.C. § 1158(b)(1), the Attorney General may grant asylum to a person who is unable or unwilling to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citations omitted). To be eligible for withholding of removal, an applicant bears the burden of demonstrating that "his or her life or freedom would be threatened in the proposed country of removal on account of" a protected ground. 8 C.F.R. § 1208.16(b). This requires showing "a clear probability—i.e., that it is more probable than not—that he would suffer future persecution." *Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003). Similarly, an applicant for CAT relief must show that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2); *see Unuakhaulu v. Gonzales*, 416 F.3d 931,

939 (9th Cir. 2005). Moreover, an applicant for CAT relief must show that the torture would be inflicted with the consent or acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1); *see Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008).

Mateo-Simon argues that his credible testimony, the harm already perpetrated against him, and "horrific social conditions" in Guatemala constitute a compelling showing of past persecution and support a grant of asylum or withholding of removal. His arguments are not persuasive.

First, Mateo-Simon has failed to show that the BIA erred in determining that his proposed particular social group —"young Mayan males targeted by wealthy women"—was not a cognizable particular social group under 8 U.S.C. § 1101(a)(42)(A) because "it is circularly defined by the harm [Mateo-Simon] experienced and fears." S*ee Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) ("[A] particular social group must exist independently of the harm asserted."). Because Mateo-Simon's proposed particular social group was not cognizable, the BIA reasonably determined that Mateo-Simon "failed to demonstrate the requisite nexus between his claimed past harm and fear of future harm and a protected ground under the Act."[1]

---

[1] Because we reject Mateo-Simon's arguments on their merit, we do not address the government's assertion that the lack of citations in Mateo-Simon's brief amounts to a waiver of his opportunity to challenge the denial of asylum.

Second, the record does not compel a finding that Mateo-Simon was subjected to past persecution. His only allegation of actual harm is from 2004, when at the age of 13, he intervened in a fight involving his brother. He also alleges that a criminal gang attempted to recruit him when he was around 14 but does not claim that the gang harmed him. The BIA thus reasonably concluded that Mateo-Simon's "general fear of being recruited or harmed by criminal gangs," did not establish eligibility for either asylum or withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (infrequent experiences of insignificant harm insufficient to compel a finding of past persecution).

Finally, Mateo-Simon has not made the requisite showing for CAT relief: that it is more likely than not that, if returned to Guatemala, he would be tortured by or with the acquiescence of a government official. *See Unuakhaula*, 416 F.3d at 939. But for his intervention in support of his brother in 2004, Mateo-Simon has had no cause to seek assistance or protection from officials, and he offers no specific evidence of mistreatment by officials, of him or others similar to him. Mateo-Simon's generalized evidence of violence and crime in Guatemala is insufficient to prove that he faces a likelihood of mistreatment rising to the level of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

The petition is **DENIED**.

4